54°

C W

1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name  Bell    Horace
        (Last)        (First)        (Initial)

3  Prisoner Number  J-42454    P.O. Box 6000

4  Institutional Address  Delano, CA. 93216

5

FILED
AUG 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6  ==============================================================

7                UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA

8  Horace Bell

9  (Enter the full name of plaintiff in this action.)

                                Case No. CV 08 3770
10              vs.                (To be provided by the clerk of court)

11  A. Hedgepeth, Warden          PETITION FOR A WRIT
                                  OF  MANDATE
12

13                                CW

14  (Enter the full name of respondent(s) or jailer in this action.)
                                  E-filing        (PR)
15

16  ==============================================================

                Read Comments Carefully Before Filling In

17  When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located.  If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

2006 Supp. App. 14-C, p. 23

*See ATTACHMENT*

**Who to Name as Respondent**

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

**A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE**

1. What sentence are you challenging in this petition?

   (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

   _____    _____
   Court                                          Location

   (b) Case number, if known _____

   (c) Date and terms of sentence _____

   (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes _____    No _____

   Where?

   Name of Institution: _____

   Address: _____

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

_____
_____
_____

PET. FOR WRIT OF HAB. CORPUS    - 2 -

*See ATTACHMENT*

3. Did you have any of the following?

    Arraignment:                              Yes _____      No _____

    Preliminary Hearing:                 Yes _____      No _____

    Motion to Suppress:                 Yes _____      No _____

4. How did you plead?

    Guilty _____    Not Guilty _____    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?            Yes _____      No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment              Yes _____      No _____

    (b)    Preliminary hearing       Yes _____      No _____

    (c)    Time of plea             Yes _____      No _____

    (d)    Trial                    Yes _____      No _____

    (e)    Sentencing               Yes _____      No _____

    (f)    Appeal                 Yes _____      No _____

    (g)    Other post-conviction proceeding    Yes _____      No _____

8. Did you appeal your conviction?       Yes _____      No _____

    (a)    If you did, to what court(s) did you appeal?

    Court of Appeal            Yes _____      No _____

    Year: _____    Result:_____

    Supreme Court of California    Yes _____      No _____

    Year: _____    Result:_____

    Any other court            Yes _____      No _____

    Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

*See ATTACHMENT*

petition?                                    Yes _____    No_____

(c)    Was there an opinion?                Yes _____    No_____

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

                                            Yes _____    No_____

If you did, give the name of the court and the result:

_____

_____

9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes _____    No_____

[Note:  If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition.  You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28 U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding.  Attach extra paper if you need more space.

I.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

II.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS            - 4 -

See ATTACHMENT

1   a._____
2   b._____
3   c._____
4   d._____
5   Result: _____Date of Result:_____
6   III.  Name of Court: _____
7   Type of Proceeding: _____
8   Grounds raised (Be brief but specific):
9   a._____
10  b._____
11  c._____
12  d._____
13  Result: _____Date of Result:_____
14  IV.  Name of Court: _____
15  Type of Proceeding: _____
16  Grounds raised (Be brief but specific):
17  a._____
18  b._____
19  c._____
20  d._____
21  Result: _____Date of Result:_____
22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?
23  Yes _____    No __✓__
24  Name and location of court: _____
25  B. GROUNDS FOR RELIEF
26  State briefly every reason that you believe you are being confined unlawfully. Give facts to
27  support each claim. For example, what legal right or privilege were you denied? What happened?
28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1 need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3 petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One:_____

6 _____

7  Supporting Facts:_____

8 _____

9 _____

10 _____

11  Claim Two:_____

12 _____

13  Supporting Facts:_____

14 _____

15 _____

16 _____

17  Claim Three:_____

18 _____

19  Supporting Facts:_____

20 _____

21 _____

22 _____

23  If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS - 6 -

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    _____ See ATTACHMENT _____

5    _____

6    _____

7    Do you have an attorney for this petition?               Yes_____     No ✓

8    If you do, give the name and address of your attorney:

9    _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on ___7-26-08___          ___Horace Bell___

14             Date                              Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

2006 Supp. App. 14-C, p. 29

**MARY JAMESON**
AUTOMATIC APPEALS SUPERVISOR

**JORGE NAVARRETE**
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

—

**NATALIE ROBINSON**
SUPERVISING DEPUTY CLERK

LOS ANGELES



SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

—

☐   LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

**FREDERICK K. OHLRICH**
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

July 17, 2008

Horace Bell J-42454
P.O. Box 6000  C4-120
Delano, CA 93216

Re:   **B208227 — BELL v. S.C. (PEOPLE)**

Dear Mr. Bell:

We hereby return unfiled your documents, which we received July 16, 2008.  A check of the Court of Appeal docket shows that the petition for a writ of mandate was denied June 5, 2008.  This court lost jurisdiction to act on any petition for review July 5, 2008.  (See Cal. Rules of Court, rule 8.500(e).)  Without this jurisdiction, this court is unable to consider your request for legal relief.

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By:  Kenneth A. Wagovich, Deputy Clerk

Enclosure

TO: COURT CLERK SUPREME COURT

SUBJ: FILING PROCESS

FROM: HORACE BELL J-42454 PETITIONER

DEAR CLERK,

PLEASE REFILE PETITION

RECEIVED
JUL 1 6 2008
CLERK SUPREME COURT

SENT TO COURT OF APPEAL INITIALLY YOUR OFFICE OR THE COURT MADE AN ERROR AND SENT THE PETITION TO THE L.A. APPEAL COURT.

PLEASE NOTIFY ME WHEN THIS PETITION IS MAILED TO COURT OF APPEAL FRESNO. WITH RESPECT

HORACE BELL
J-42454
P.O. BOX 6000
DELANO, CA 93516

YOUR OFFICE HAS THE
ORIGINAL PETITION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

FILED

JUN   2008

JOSEPH A. LANE                          Clerk

                                        Deputy Clerk

| | |
|---|---|
| HORACE BELL,<br><br>    Petitioner,<br><br>       v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>    Respondent.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Real Party in Interest. | B208227<br><br>(Super. Ct. No. BA088280)<br><br>(Norm Shapiro, Judge)<br><br><br>**O R D E R** |

THE COURT:

    The court has read and considered the amended petition for writ of mandate, filed May 14, 2008, in the California Supreme Court and transferred to this court by order dated May 30, 2008. Petitioner's claims relating to the adequacy of his medical care challenge the conditions of his confinement or the conduct of correctional officials outside this appellate district. Accordingly, those claims are denied without prejudice so that they may be addressed to the appellate district with jurisdiction over the institution in which he is incarcerated. (Cal. Rules of Court, rule 8.380(d)(1)(B).) That is the Fifth Appellate District, located at 2424 Ventura Street, Fresno, California, 93721.

_____     _____     _____
    TURNER, P.J.          ARMSTRONG, J.              KRIEGLER, J.

TO: Jed H, Belcher DEPUTY CLERK

SUBJ: COPY OF PETITION  B308227

FROM: HORACE Bell J-42454 PETITIONER

DEAR SIR,

YOUR RESPONDING LETTER IS IN ERROR, PLEASE "SEND ME A COPY OF THE PETITION MAILED TO YOUR OFFICE BY THE CALIFORNIA SUPREME COURT MAY 30 08."

PRETTY PLEASE?
WITH RESPECT


HORACE BELL
J-42454
P.O. BOX 6000
DELANO, CA · 93216

SUPREME COURT
**FILED**

MAY 3 0 2008

No. S163535

Frederick K. Ohlrich Clerk

_____
Deputy

# IN THE SUPREME COURT OF CALIFORNIA

HORACE BELL, Petitioner,

*v.*

DEPARTMENT OF CORRECTIONS AND REHABILITATION, Respondent;
A. HEDGPETH, Real Party in Interest.

The above entitled matter is transferred to the Court of Appeal, Second
Appellate District, for consideration in light of *Hagan v. Superior Court* (1962) 57
Cal.2d 767. In the event the Court of Appeal determines that this petition is
substantially identical to a prior petition, the repetitious petition must be denied.

**GEORGE**
_____
*Chief Justice*

Horace Bell
CDC:J-42454
Kern Valley State Prison
P.O. Box 6000
Delano, CA 93216

Case Number B208227
Division 5

HORACE BELL,
Petitioner,
v.
SUPERIOR COURT LOS ANGELES COUNTY,
Respondent;
THE PEOPLE,
Real Party in Interest.

JUN 1 8 2008

TO: CLERK OF THE COURT

SUBJ: COPY OF PETITION    B208227

FROM: HORACE BELL J-42454 PETITIONER

DEAR CLERK,

On JUNE 5, 2008, I RECEIVED A COPY OF THE COURTS ORDER, "DENIED WITHOUT PREJUDICE".

HOWEVER THE COURT DID NOT PROVIDE ME WITH A COPY OF THE PETITION. IN ORDER FOR MY CLAIMS TO BE ADDRESSED IN THE DISTRICT WITH JURISDICTION, I NEED A COPY OF THE PETITION PLEASE.

HOPEFULLY, WE CAN COME TO A SPEEDY RESOLUTION TO THE PROBLEM, YOUR TIME AND COOPERATION IS GREATLY APPRECIATED, THANK YOU KINDLY.

WITH RESPECT

DATED: 6-10-08

HORACE BELL
J-42454
P.O. BOX 6000
DELANO, CA. 93216

# S163535

SUPREME COURT
FILED

## ORIGINAL

MC-275

Name _HORACE Bell_

Address _P.O. BOX 6000_
_DeLano, CA. 93216_
_KeRN VAlley STATE PRiSoN_

MAY 1 4 2008

Frederick K. Ohirich Clerk

Deputy

**RECEIVED**

APR 3 0 2008

CLERK SUPREME COURT

CDC or ID Number _J-42454_

X— reds
~~EE LIST~~

_CALiFORNiA_
_SUPReMe CoURT_
(Court)

PETITION FOR WRIT OF ~~HABEAS CORPUS~~  _MANDATE_

_HORACE Bell_
Petitioner
        vs.
_A. Hedcopen WArden_
Respondent _FeDeRAl ReCeiveR_

No. **B208227**
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition. **Assigned to DIVISION FIVE**
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court or Court of Appeal.

Page one of six

This petition concerns:

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☑ Jail or prison conditions       ☐ Prison discipline

☑ Other (specify): WRIT OF MANDATE

1. Your name: HORACE Bell

2. Where are you incarcerated? KERN VALLEY STATE PRISON

3. Why are you in custody? ☑ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

KIDNAP / ROBBERY

b. Penal or other code sections: REFER TO CASE File

c. Name and location of sentencing or committing court: L.A. CO. SUPT. CT.

d. Case number: BA 088280

e. Date convicted or committed: 12-7-92

f. Date sentenced: 11-16-94

g. Length of sentence: 59 YEARS Reduced

h. When do you expect to be released? 2023

i. Were you represented by counsel in the trial court? ☑ Yes.  ☐ No. If yes, state the attorney's name and address:

COURT APPOINTED

i. What was the LAST plea you entered? *(check one)*

☑ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

If you pleaded not guilty, what kind of trial did you have?

☑ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

The DEPARTMENT OF CORRECTIONS IS NOT
PROVIDING PETITIONER WITH Adequate
medical CARE

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

See Attached DIRECTORS level Appeals
INCORPORATED BY REFERENCE. PETITIONERS
QUALITY OF life hAS NOT IMPROVED.

b. Supporting cases, rules, or other authority (optional):
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

PLATA CASE

7. Ground 2 or Ground _____ *(if applicable):*

a. Supporting facts:

b. Supporting cases, rules, or other authority:



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

Dear Sir or Madam:

We write in response to your letter regarding medical care. Any documents that you sent are returned. This letter explains what we can and cannot do about your medical care concern, and what you can do to help yourself. We apologize for this form letter, but it is the only way this office can quickly reply given the large number of letters we receive.

In June 2002, a federal court order was entered in a lawsuit known as the *Plata* case. *Plata* is a federal civil rights class action lawsuit regarding medical care in all California prisons. Every CDC prisoner who has a serious medical condition is a member of the class (group of prisoners) covered by the lawsuit. The court order requires prison officials to make major changes in medical care. Some changes have been made at all prisons. However, most changes have been or will be made under a schedule requiring changes at several prisons each year between 2003 and 2008. Enclosed with this letter is a summary of the major changes that will be made, and the schedule for when the changes will be made at each prison. In addition, the June 2002 Court Order (Stipulation for Injunctive Relief) and the inmate medical policies and procedures should be available at your law library. In December 2005 the federal court ordered prison officials to immediately increase the pay for prison medical workers, to reduce the severe shortages of doctors, nurse practitioners, and nurses at many prisons. More recently, the federal court concluded that prison officials were unable to adequately operate the prison medical system by themselves and in February 2006 appointed an outside person – a Receiver – to run the prison medical system.

This office represents all prisoners in the *Plata* case. Our work is focused on making sure that prison officials improve medical care at each prison, as required by the Court Orders in the case. We do this through regular monitoring trips to the prisons, reviewing letters from inmates (almost every day we receive and respond to dozens of letters about medical care), writing and talking with prison officials, communicating with the independent Court-appointed medical experts in the case, and when necessary asking the federal court to take further action. We are trying to get the prisons to improve care as quickly as possible.

Under the *Plata* case, this office can bring individual inmate medical care concerns to the attention of the Attorney General (the lawyer who represents prison officials) only if: (1) the prisoner has exhausted administrative remedies (received a Director's Level response to a 602), or (2) there is an

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

urgent medical condition. An urgent medical condition is one for which significant injury or death will result if not treated. Most medical concerns, although serious and important, are not urgent.

Based on the information you sent, we have determined that you need to exhaust administrative remedies before we can consider bringing your case to the attention of the Attorney General under *Plata*. Thus, with regard to your individual medical concern, we can at this time only offer you advice about how to help yourself. As explained below, we will review your medical care concern again if you send us a third level administrative appeal (602) response regarding your concern or if it becomes a truly urgent medical condition. The following explains what we might be able to do for you in the future, and what you can do on your own, regarding your medical care concern. **THE FOLLOWING ADVICE IS VERY IMPORTANT**, because it explains how to present your medical care concern to this office again if you do not resolve your problem, and how to protect your right to file an individual lawsuit.

## ADVICE REGARDING YOUR MEDICAL CONDITION

1. Continue to present your medical care concerns to medical staff through the "sick call" process.
2. File and pursue an administrative appeal (602) through <u>ALL</u> levels of the appeal response (including the Director's level).

We know that the 602 process has problems, including delayed responses at some prisons. Under *Plata*, we are working to improve medical appeals. Regardless of the delays, it is vital that you use the process. This office in most cases can bring your medical care concern to the attention of prison officials only if you have received a Director's level response to a 602 on the medical care issue.

Both California and federal law require that administrative remedies be exhausted before a prisoner can file a formal legal action in court about a prison condition. This means a prisoner must receive a 602 response from the Director's level before filing a state court petition for writ of habeas corpus regarding medical care, or a federal civil rights action seeking money damages or a court order. See *Booth v. Churner* (2001) 531 U.S. 956.

For these reasons, this office STRONGLY RECOMMENDS that you file and pursue a 602 to the Director's level regarding your medical care concerns. Two blank 602s are enclosed for your convenience. Also enclosed is an advice letter about medical care 602s.

You can write us again after you have received a Director's level response to your medical care 602, or if some other medical concern arises that is truly urgent. You should send us a copy of the 602, all responses, and any other relevant documents. We will at that time review your situation and determine whether we can provide assistance under the *Plata* case. Finally, if your letter raised issues addressed in other class action suits handled by this office, you may have already, or may in the future, receive additional mail from us.

Prison Law Office

Rev 9/06

## Summary of Medical Care Improvements Required by the Plata Court Order

**Reception Center**: Improved new arrival screening; physical exam by doctor required within 14 days.

**Sick Call**: A registered nurse (RN) must review sick call slips every day to determine urgent or emergency problems and must do a face-to-face interview with patients within one working day of receiving the sick call slip. Sick call with the clinic doctor within one day to two weeks, depending on the seriousness of the problem. Priority ducats will be issued for appointments.

**Specialty Clinics and Consultations**: Specialty appointments must be completed within 14 to 90 days of approval depending on seriousness of problem; prisoners waiting for a specialty appointment must be seen by a doctor every 30 days. Follow-up appointment with clinic doctor within 14 days of appointment.

**Urgent / Emergency Response**: A RN must be available on-site at all times; a RN or a physician must decide every case of urgent or emergency care, through either a face to face evaluation or a phone call with the inmate-patient.

**Infirmary Care**: New procedures established for operation of correctional treatment centers and outpatient medical units; follow-up appointment with primary care physician required within three working days of discharge.

**Preventive Care**: Cancer screening and other preventive services as recommended by the United States Preventive Services Task Force.

**Chronic Care**: Patients with chronic medical conditions (for example, diabetes or heart disease) must be identified and enrolled in chronic care program in which they are seen by a doctor at least every 90 days (unless the condition is well-controlled) for evaluation and treatment with standardized guidelines.

**Diagnostic Services**: Routine blood tests required to be drawn within 10 days; routine x-rays to be completed within 30 days (one business day for urgent requests); patient required to be notified of blood test results.

**Medication**: Formulary prescriptions to be filled immediately if an emergency or urgent, or within 24 hours if routine; adequate pharmacy staffing and space required; medication renewal and refill system required.

**Medical Diets**: Required for end-stage liver and kidney organ patients; nourishment bags and diet supplements available to others as medically necessary.

(over)



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

## How To File A CDCR Administrative Appeal (602) about Medical Care (updated 2/2007)

A prisoner can file a CDCR 602 form to complain about an action taken by any employee of the Department of Corrections and Rehabilitation (CDCR) or any CDCR policy or procedure with a bad effect on the prisoner. Using the 602 form is called filing an "administrative appeal." This handout provides specific information about how to file a 602 complaining about a lack of medical care or improper medical care.

Filing a 602 takes time and work. However, it might solve your problem, and it must be done if you might ever want to file a formal legal action about the situation. Also, the court order in *Plata v. Davis,* the federal civil rights class action regarding prison medical care, requires that prisoners use the 602 process to try to solve medical care problems before the prisoners' attorneys can ask the Attorney General's office to review those problems, except in emergencies.

### Medical Care 602s -- Four Key Tips

**1. Be clear and specific about what has happened and what you want to happen.** Use **CDCR Form 602** to describe your medical care problem in detail. You begin by filling out **Part A** and **Part B.** If you need more space, you may attach one extra page (you can write on the front and back). When writing the 602, describe in Part A the problem that you are appealing. Try to be as clear as possible about what happened, when it happened, who did it, and what else you have already tried to do to solve the problem. Avoid general legal claims; be specific. If medical staff have ordered a particular type of care, medication or referral to a specialty clinic, and you have not received it, you should include the date of the order and the name of the doctor who ordered it. If medical staff have refuse to provide a particular type of treatment, state clearly who denied the treatment and when, as well as why you think the treatment is medically necessary. For example, you might think that a particular type of treatment is necessary because you were prescribed that treatment successfully while you were on the outside and your current treatment is not helping you as much Then, in part B, try to write exactly what it is that you want the medical staff to do. You should discuss only one type of medical claim in each 602, but you should include every issue related to that particular claim or you may risk losing your rights to raise the issue in the future.

**2. Keep a Copy of and Track your 602.** Sometimes 602s are lost or not answered by prison staff. To be prepared for this, you should make copies of the 602 and all documents that you attach to the 602. If you cannot make a photocopy then at least write out a second copy of the 602 itself for yourself to keep. You should also keep notes about the dates you send your 602s, and who you give or send them to.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

**Prison Law Office**
Information re: Medical Administrative Appeals (602)
Updated 2/2007

**Note:** If the 602 qualifies as an "emergency appeal" you do not need to get Informal Level review and can send the 602 directly to the First Formal Level. (15 CCR §3084.7(a)) [See below for more information on emergency appeals].

**The First Formal Level:** If your medical problem has not been completely solved, or if you do not agree with the informal response, you should fill out **Part D** of the 602 form, and send the form back to the Appeals Coordinator for First Formal Level review. The appeals office staff will again forward the appeal to the medical appeals analyst, who will send it to a medical staff member to answer. Prison officials can decide to skip, or "bypass" this level for complaints involving employee misconduct.

Normally, prison staff will interview you as a part of the First Level review. You should not refuse the interview, as it will cause the 602 to be denied. The First Level answer must be completed by the staff within 30 working days, and will be put in **Part E** of the Form 602 (15 CCR §3084.6(b)(2)). The 602 will then be returned to you.

**The Second Formal Level:** If the problem is not solved at the First Level, you may use **Part F** to explain why you do not agree. You should then send the 602 back to the Appeals Coordinator for Second Level review. The Second Level answer must be completed by the Warden, or a person designated by the Warden, within 20 working days. The answer will be set forth in **Part G** (15 CCR §3084.6(b)(3)).

**The Third Formal Level:** If the Second Level review does not solve the problem, you may fill out **Part H** and send the 602 to CDCR Headquarters in Sacramento for Third Level review. The address where you should send the 602 is on the bottom of the 602 form. Under the *Plata* settlement, Third Level responses to medical 602s are supposed to be completed and returned to the prisoner within 30 days. (Third Level responses for most non-medical appeals may take up to 60 working days. (15 CCR §3084.6(b)(4)).)

If your problem has still not been solved after you get the Third Level response, you may file a state court petition for a writ of habeas corpus. You will need to attach the Director's Third Level decision to your petition to prove that you have "exhausted the administrative remedies." You may also file a federal civil rights action for injunctive relief and/or money damages. The Prison Law Office has free manuals which provide information about how to file state habeas petitions and federal civil rights complaints. If you want one or both of these manuals, you should send a written request to the Prison Law Office.

## 2. Time Delays in Responding To Medical 602s

CDCR staff sometimes do not meet the 602 response time deadlines. Under some circumstances, CDCR rules permit delayed responses, such as when witnesses are not available, the matter is complex, or outside agencies must be involved. CDCR rules require that you be given written notice whenever a 602 is delayed beyond the time limit, the reason for the delay, and the estimated completion date. If the CDCR does not comply with the time limits, you may appeal this procedural violation on a separate 602, stating the time limits and the log number of your original appeal.

**Prison Law Office**
Information re: Medical Administrative Appeals (602)
Updated 2/2007

First Level answer is due within 15 working days. (15 CCR §3085(a); *Armstrong v. Wilson* Remedial Plan (Jan. 3, 2001) §IV.I.23(e).) If you do not agree with the First Level response, you can file the appeal to the Second Level by attaching the 1824 form to a regular 602 appeal form, filling out section F of the 602, and sending both forms to the Appeals Coordinator. You should do this within 15 days after you get the First Level answer. The Second Level answer is then due in 15 working days. (*Armstrong v. Wilson* Remedial Plan (Jan. 3, 2001) § IV.I.23(e).) You can also send the appeal to the Third Level, just like a regular 602 appeal, and you should get the Third Level response within 20 working days. (*Ibid.*)

We are returning your original docs.
We have kept a copy for our records

8. Did you appeal from the conviction, sentence, or commitment? ☑ Yes. ☐ No. If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

      COURT OF APPEAL

   b. Result Reduced/AFFIRMED     c. Date of decision: N/A

   d. Case number or citation of opinion, if known: B088997

   e. Issues raised: (1) 654 PENAL code

      (2) JURY INSTRUCTIONS

      (3) _____

   f. Were you represented by counsel on appeal? ☑ Yes. ☐ No. If yes, state the attorney's name and address, if known:

      CALIFORNIA APPELLATE PROJECT

9. Did you seek review in the California Supreme Court? ☑ Yes ☐ No. If yes, give the following information:

   a. Result ISSUES STILL PENDING     b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal: NOT APPLICABLE

_____

Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

Did you seek the highest level of administrative review available? ☑ Yes ☐ No

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_____

_____

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

_____

Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

SUPREME COURT CALIFORNIA

_____

If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

FederAl QuesTion

_____

The undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters I believe them to be true.

4-27-08    ▷ Heili R____

TO: COURT CLERK / SUPREME COURT

SUBJ: DUE PROCESS

**RECEIVED**

FROM: H. BELL J-42454 PETITIONER    APR 2 4 2008

**CLERK SUPREME COURT**

DEAR CLERK,

I AM REQUESTING YOUR COURT FILE AND ACCEPT MY PETITION FOR WRIT OF MANDATE due TO REJECTION by THE SUPERIOR COURT.

UNDER THE CALIFORNIA CONSTITUTION I AM ENTITLED TO "due PROCESS OF LAW."

SEE TRUST ACCOUNT WITHDRAWAL ORDER ATTACHED TO REJECTION / CORRECTION NOTICE. PETITIONER HAS MADE A GOOD FAITH EFFORT TO CONTACT INMATE TRUST OFFICE BUT ALL OF PETITIONERS EFFORTS HAVE PROVED FUTILE.

PRETTY PLEASE    HELP ME.

I declare UNDER PENALTY OF PERJURY THIS IS A TRUE AND CORRECT COPY EXECUTED THIS 18TH DAY OF APRIL 08

HORACE BELL

TO: JUSTICES OF THE COURT OF APPEAL

SUBJ: STATUTORY BASIS / FUNCTION

FROM: HORACE BELL / PETITIONER

DEAR JUSTICES,

THE WRIT OF MANDATE LIES GENERALLY TO COMPEL A COURT OR ITS OFFICER TO PERFORM AN ACT THAT THE LAWS IMPOSES AS A DUTY WHEN NO PLAIN, SPEEDY, AND ADEQUATE REMEDY AT LAW IS AVAILABLE. CCP §§ 1085-1086; PAYNE V. SUPERIOR COURT, (1976) 17 C3d 908, 925 132 CR 405; LODER V. SUPERIOR COURT, (1976) 17 C3d 859, 863 132 CR 464.

PETITIONER HUMBLY REQUEST THE APPEAL COURT JUSTICES REQUIRE THE SUPERIOR COURT TO EXERCISE ITS POWER TO DECIDE A CONTROVERSY WHEN IT HAS REFUSED AND FAILED TO DO SO AND RULE ON THE MERITS OF ALL MATTERS PROPERLY WITHIN ITS JURISDICTIONAL DISCRETION. BURNETT V. SUPERIOR COURT, (1974) 12 C3d 865 117 CR 556 ROBINSON V. SUPERIOR COURT (1950) 35 C2d 379 218 P2d 10.

VERIFICATION

(C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, _Horace Bell_ , declare under the penalty of perjury that:

I am the _Petitioner_ in the attached matter; I have read the foregoing document(s) and know the contents thereof; that the same is true of my own personal knowledge, and if called to testify as to the contents thereof, I could do so competently as a sworn witness.

Executed this _27_ day of _April_ , 20 _08_ , at Kern Valley State Prison, Delano, CA. 93216-5101.

_____
Declarant

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, _Horace Bell_ , declare: That I am a resident of Kern Valley State Prison, Delano, California; I am over the age of 18 years; ( [] I am / [] I am not ) a party to the above entitled action; My address is P.O. Box 5101, Delano, California 93216-5101. I served the attached document(s) entitled; _Petition for writ of Habeas Corpus_

On the persons/parties specified below by placing a true copy of said document(s) into a sealed envelope with the appropriate postage affixed thereto and placing said envelope(s) into the United States Mail in a deposit box provided for at the Kern Valley State Prison, Delano, California, addressed as follows: _Attorney General 1300 I Street, Suite 125 P.O. Box 944255 Sacramento, CA. 94244-2550_

There is First Class mail delivery service by the United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _27_ day of _April_ , 20 _08_ , at Kern Valley State Prison, Delano, Califrnia 93216-5101.

_____
Declarant

EXHIBIT
(B)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:      JUN 1 6 2004

In re:     Bell, J-42454
California Substance Abuse Treatment Facility and
State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212-7100

IAB Case No.: 0310301          Local Log No.: SATF 03-05226

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he is being discriminated against because he is being denied participation in an advertised program for back or neck pain at the self-identified Institute of Neurological Research, located at the University of California, Los Angeles, Medical Plaza. He contends that he is being excluded from participation and the benefit of services, activities and programs of a public entity in violation of the Eighth and Fourteenth Amendment. He requests that he be scheduled for a consultation at the Institute of Neurological Research, that he be compensated $10,000.00 and that new medications be prescribed for him. At the Director's Level of Review he claims that the requested $10,000.00 is for pain and suffering.

**II   SECOND LEVEL'S DECISION:** The reviewer found that on January 14, 2004, the appellant was evaluated by a Physical Therapist concerning his back pain. The reviewer noted that the appellant is being prescribed medications for symptoms of back pain. The First Level of Review (FLR) noted that the appellant's reluctance to undergo conventional neurosurgery was understandable, as back surgery was not proven to be successful for the relief of back pain. However, there was no reason to believe that the appellant's proposed alternative was in anyway superior to the recommended treatment. The FLR noted that it had not been medically established that the appellant was a surgical candidate. The appellant was informed that medical treatment shall only be provided based on medical necessity, which is supported by outcome data as effective medical care. Absent outcome data, treatment will be provided based on the judgment of the treating physician that the treatment will be effective for the purpose intended and supported by diagnostic information and consultations with appropriate specialists. The appeal was denied by the Second Level of Review.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The appellant is attempting to use the Americans with Disabilities Act (ADA) to require the CDC to make transportation arrangements and schedule an appointment for him with a medical group based upon the appellant submitting a print advertisement. The appellant has not provided any evidence or documentation to substantiate his claim that it is legally required or medically necessary for him to be treated by the Institution of Neurological Research. The appellant is advised that the ADA was enacted to ensure that those individuals identified as protected under the ADA have access to the programs, services and activities offered everyone, such as employment or access to parks. The ADA does not mandate that a preferred medical treatment be provided when requested by an individual. The appellant has been and is receiving treatment in accordance with California Code of Regulations, Title 15, Section (CCR) 3350 and 3354. The appellant is advised that it is not within the scope of the appeals process to provide monetary compensation. The appellant can contact his physician to discuss prescription medications as part of his treatment. The physician will determine what medications are needed for the appellant.

BELL, J-42454
CASE NO. 0310301
PAGE 2

**B.  BASIS FOR THE DECISION:**
CCR: 3001, 3350, 3350.1, 3354

**C.  ORDER:**  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SATF
        Health Care Manager, SATF
        Appeals Coordinator, SATF
        Medical Appeals Analyst, SATF

STATE OF CALIFORNIA

*Exhibit Attached* *Medical Appeal*    C3. 113L

DEPARTMENT OF CORRECTIONS

## INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

*Hard copy on file*

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. SATF-C | 1. 03-05226 | 8 |
| | 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

C-3, 113L

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| H. BELL | J-43454 | A2-b | |

**A. Describe Problem:** I am being excluded from participation in, the benefit of the services, activities "Program", of a public entity which is subjecting me to discrimination. See 8th amend. U.S. Const. 14th amend. U.S. Constitution, Equal Protection of the laws CCR Title 15 Sec. 3085 ADA

If you need more space, attach one additional sheet.

**B. Action Requested:** 1) I be scheduled for a consultation at "Institute for Neurological Research (310) 824-6199 www.diskcure.com 2) $10,000 compensation 3) New class of medications ordered from the INR

Inmate/Parolee Signature: *Horace Bell*    Date Submitted: 11-8-03

**C. INFORMAL LEVEL** (Date Received: 11/26/01 )

**Staff Response:** Per CDC policy only CDC physicians may diagnose or treat ILM. Outside consultation is limited and is only advisory. Only treatment with established efficacy may be prescribed. Denied per CDC policy. Monetary compensation for pain & suffering is beyond the scope of the appeals process.    11/26/01

Staff Signature: _____    Date Returned to Inmate: 11/26/01

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

In accordance with the provisions of the ADA, no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or program of a public entity, or be →

Signature: *Horace Bell*    Date Submitted: 11-26-03

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

CSATF APPEALS
DEC 05 2003

*(left margin, vertical)* Subject to MEDICAL

*(right margin, vertical)* subjected to discrimination

First Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _12-5-03_    Due Date: _1-2-04_

Interviewed by: _____

See attached

Staff Signature: _____    Title: _PHYSICIAN_    Date Completed: _1/23/04_
Division Head Approved/    M. Duvine    Title: _C NSA HA_    Returned
Signature: _____    Date to Inmate: _01-29-04_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I demand that my ADA rights and medical rights are adhered to. I further demand outcome data by the institute is requested by medical and provided to me to prove allegations submitted by O. Kyle.

Signature: _Hocer Bee_    CSATF APPEALS    Date Submitted: _2-5-04_

FEB 09 2004

Second Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _2-9-4_    Due Date: _3-10-4_
☑ See Attached Letter

N/A

Signature: _____    Date Completed: _____
Warden/Superintendent Signature: _____    Date Returned to Inmate: _3/9/04_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

This appeal was delivered late otherwise mishandled by appeals unit. PT schedule was a false statement by Bhatt who is known for this conduct. I demand the 610.0005 for pains and suffering.

Signature: _____    Date Submitted: _3-22-04_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                    Date: _____

CDC 602 (12/87)

State of California                                                      Department of Corrections

# Memorandum

Date:    January 22, 2004

To:      Bell, J-42454
         California Substance Abuse Treatment Facility and
         State Prison at Corcoran

Subject: FIRST LEVEL APPEAL RESPONSE
         LOG NO.:       SATF 03-05226

ISSUE:

In your appeal you indicate you are being excluded from participation in a "medical study" for back pain.  You request to be scheduled for a consultation with the "Institute For Neurological Research (INR)"; monetary compensation; and to receive the "new class of medications from the INR".

INTERVIEWED BY: D. Kyle, D.O., on December 24, 2003.

REGULATIONS:  The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3350.**
**Provision of Medical Care and Definitions.**
    (a) The department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists. Treatments for conditions which might otherwise be excluded may be allowed pursuant to section 3350.1(d).

**CCR 3350.2.  Off-Site Health Care Treatment.**
    (a) Each facility shall maintain contractual arrangements with local off-site agencies for those health services deemed to be medically necessary as defined in section 3350(b)(1), and that are not provided within the facility. Such services may include medical, surgical, laboratory, radiological, dental, and other specialized services likely to be required for an inmate's health care.

**CCR 3354.  Health Care Responsibilities and Limitations.**
    (c)  Private Consultants. Health care personnel not employed by the department are not authorized to order treatment for an inmate. Such persons may offer opinions and recommendations for consideration by department health care staff as follows: An inmate or an inmate's responsible guardian or

BELL, J-42454
CASE NO. 03-05226
PAGE 2

> relative, or an attorney or other interested person wanting the inmate examined by a p rivate p hysician, s hall s ubmit a w ritten request to the institution head. T he ins titution h ead s hall, af ter consulting with the facility's chief medical officer grant the request unless convinced that specific case factors warrant denial. The fact of and reasons for such denial, and notice of the right to appeal the decision in writing to the director, shall be documented and given to the inmate or the person requesting the outside health care service. Costs of such private consultations or examinations shall be paid by the inmate or the person requesting the service.

An investigation and review of your appeal, as well as a medical examination by Doctor Kyle, reveals you have significant degenerative changes to your spine that m ay w ell be painful. However, pursuant io the CCR the CDC is only authorized to provide care that has well-established benefits. The requested treatment is experimental in nature. Your reluctance to undergo conventional neurosurgery is understandable, as back surgery for pain management has not proven too successful. There is no reason to believe that your proposed alternative would be in any way superior to the recommended treatment. It has not even been well established that you are a candidate for surgery. In the case of painful symptoms without motor symptoms (weakness, or difficulty controlling movement and/or loss of bowel or bladder control), surgery is not usually beneficial.

CDC employees can only provide inmates medical care, unless needed care is to p revent im mediate r isk t o l ife and limb. CCR 3350 states in part, "The department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists.". Again, the requested treatment is experimental in nature, and not supported by outcome data as effective. Based on this, your request must be denied per CDC policy.

DECISION: The appeal is denied.

The appellant is advised that this issue may be submitted for a Second Level of Review if desired.

D. KYLE, D.O.                          Date 1/23/04
Staff Physician
California Substance Abuse Treatment Facility and State Prison, Corcoran

K. ALLISON, CHSAII    C HSA II (A)    Date 1-29-04
Correctional Health Services Administrator II
California Substance Abuse Treatment Facility and State Prison, Corcoran

CSATF APPEALS JAN 3 0 2004

*EXHIBIT (A)*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **SEP 3 0 2002**

In re:    Bell, J-42454
California State Prison, Corcoran
P.O. Box 8800
Corcoran, CA  93212-8309

IAB Case No.: 0201530          Local Log No.: COR 02-1688

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner K. Allen, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that he was harassed by custody and medical staff. The appellant alleges that both custody and medical staff have conspired to deny him appropriate medical care. He believes the actions of staff were unprofessional and negligent.

**II  SECOND LEVEL'S ARGUMENT:** It is staff's position that a fact-finding investigation was conducted into the appellant's complaint. The investigation revealed that the appellant has failed to support his allegation of staff misconduct. Institution staff determined that the appellant's allegations were not sustained.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff. In the event that staff misconduct was substantiated, the institution would have taken the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, staff have determined that no staff misconduct occurred, and the appellant's allegations were unsubstantiated.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action against staff or the request for monetary compensation is beyond the scope of the departmental appeals process. The appellant has failed to provide any new or compelling information that would warrant a modification of the decision reached by the institution. Therefore, no relief will be afforded the appellant at the Director's Level of Review.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3004, 3391

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

RICK MANUEL, Chief (A)
Inmate Appeals Branch

cc:    Warden, COR
Appeals Coordinator, COR

STATE OF CALIFORNIA

*EMERGENCY APPEAL*
*CCR TITLE 15 3084.7*

**02-1688**

DEPARTMENT OF CORRECTIONS

**IN MATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category    *7P*

*COPY RETAINED*

1. CSP-CORCORAN    1. ____    1. ____

2. ____    2. ____    2. ____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. *HORRACE*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Horace Bell | J-42454 | COR-SHU | 4A1L30 |

**A. Describe Problem:** THIS IS A COMPLAINT PURSUANT TO PENAL CODE 148.6, IN REGARDS TO THE UNPROFESSIONAL CONDUCT OF SGT. SMITH, SGT. CALLOUS AND *AND BEHAVIOR* HERNANDEZ, INCLUDING M.T.A. MARTINEZ AND DR. HASADSRI M.D. IN VIOLATION OF CCR TITLE 15 3084.7. (A) IRREPARABLE HARM, CCR TITLE 15 3084 (A)(B)(C) CCR TITLE 15 3391 EMPLOYEE CONDUCT CCR TITLE 15 3271 RESPONSIBILITY OF *AND* EMPLOYEES CCR TITLE 15 3084.5 (F) INTERVIEW REQUIREMENTS CCR TITLE 15 3085 ADA ACT. EACH EMPLOYEE HEREIN ACTED UNDER COLOR OF STATE LAW, INCLUDING SGT. BEBE AND EACH WITH A CULPABLE STATE OF MIND.

If you need more space, attach one additional sheet. CAPTAIN HILL IS INCLUDED IN THIS COMPLAINT AGAINST STAFF.

**B. Action Requested:** 1) WHEELCHAIR IN CELL 2) EACH STAFF MEMBER ISSUED A LETTER OF INSTRUCTION 3) NO FURTHER DISCRIMINATION OR HARASSMENT 4) HERNANDEZ REASSIGNED TO ANOTHER POST 5) EACH STAFF MEMBER VIOLATED DIRECTORS RULES 6) THE CONSPIRACY STOP 7) DELIBERATE INDIFFERENCE STOP 8) ACTING UNDER COLOR OF STATE LAW

Inmate/Parolee Signature: *Horace Bell*    Date Submitted: 5/10/02

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

# BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification Chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

# BYPASS

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

*AFFIDAVIT OF:
RICKY FOSTER d-16420
ATTACHED HERETO*

CDC Appeal Number: _____

*CAPTAIN Hill is in violation of the training institute and enforcement.*

*ARM STRONG V. DAVIS litigation.*

First Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ MAY 1 4 2002 _____ Due Date: ____

Interviewed by: _LT. S. ROUSSEAU, 5-23-02,_
_(SEE ATTACHED)_

Staff Signature: _____  Title: _Captain_  Date Completed: _5/24/02_
Division Head Approved:
Signature: _____  Title: _AW (A)_  Returned
Date to Inmate: _JUN 3 4 2002_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. _FROM THE ONSET MY ADA RIGHTS WERE VIOLATED DEPTH_
_I AM DISSATISFIED BECAUSE I DONT BELIEVE AN IN DEPTH INVESTIGATION_
_WAS CONDUCTED TO COVER MY COMPLETE APPEAL ISSUES. CAIBUS,_
_HERNANDEZ, SMITH, BILL M.T.A. MARTINEZ, DR. HASADARI ALL WERE_
_IN VIOLATION OF DIR. RULES, STATE & FED LAW, WITH A CULPABLE STATE OF MIND_

Signature: _Horace Bell_  Date Submitted: _6-6-02_

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ JUN 1 2 2002 _____ Due Date: _7/11_
☒ See Attached Letter

Signature: _O'Reilly, CCII_  Date Completed: _6/13/02_
Warden/Superintendent Signature: _Marshall CDW_  Date Returned to Inmate: _JUN 2 7 2002_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. _I AM ADA CERTIFIED CDC 1845 COMPLETED 2-13-02. I HAVE BEEN_
_MOVED BY STAFF TO A CELL THAT DOESN'T HAVE WHEELCHAIR ACCESS_
_OR GRAB RAILS IN VIOLATION OF THE ARMSTRONG REMEDIAL PLAN IN_
_RE: ARMSTRONG VC DAVIS. I AM IN PAIN AND AGONY WITH LIMITED_
_MOVEMENTS, DELIBERATE INDIFFERENCE, HARASSMENT AND THE_
_CONSPIRACY IS ONGOING I AM IN EXCRUCIATION PAIN. I NEED A WHEELCHAIR_

Signature: _Horace Bell_  Date Submitted: _7-10-02_

_ACCESS CELL!_

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____ SEP 3 0 2002 _____

CDC 602 (12/87)

## 602 ATTACHMENT

SGT. SMITH AUTHORIZED C/O HERNANDEZ TO APPROACH MY CELL
REGARDING MY 602 ISSUE FOR WHICH SGT SMITH FAILED TO
CONDUCT AN INTERVIEW AND CIRCUMVENTED THE DUE PROCESS
PROCEDURE. C/O HERNANDEZ VOICED HIS PERSONAL OPINION AND
CONDUCTED HIMSELF AS AN M.T.A. R.N., OR DOCTOR WITH FULL
AUTHORIZATION BY UPPER LEVEL STAFF WHO YIELD TO C/O HERNANDEZ'S
PROCLAMATIONS. C/O HERNANDEZ BLAMES MEDICAL FOR NOT ISSUING ME
A WHEELCHAIR, AND MEDICAL BLAMES CUSTODY, "CHILDS PLAY."
SGT. SMITH VIOLATED DIRECTORS RULES 3085.5. (7) WITH A
CULPABLE STATE OF MIND.

SGT. CALLOW CLAIMED THAT MY MEDICAL CHRONO WAS SUFFICIENT
TO HAVE A WHEELCHAIR IN MY CELL AND HE WAS PREPARED TO
OVERRULE C/O HERNANDEZ, HOWEVER, ONCE CALLOW TALK TO HIS
SUPERVISOR HE CLAIMED THE CHRONO WASN'T NO GOOD, AND
MY QUESTION IS HOW WOULD HIS SUPERVISOR KNOW, IF
HIS SUPERVISOR HASN'T READ THE CHRONO? SGT. CALLOW
STATED THIS TO M.T.A. MURO AND MADE MISLEADING
STATEMENTS TO ME, SUCH AS: I'LL GET YOU ONE. DON'T
TRIP ON WHAT ONE PERSON SAYS, SIC C/O HERNANDEZ. IN VIOLATION
OF DIRECTORS RULES. 3391/3085/3004 (A)(B)(C).

DR. HASADSRI WAS NOTIFIED NUMEROUS TIMES ABOUT MY
SITUATION, AND HAS FAILED TO TAKE CORRECTIVE ACTION, TO
REMEDY THE SITUATION, AND CONTINUES TO VIOLATE
DIRECTORS RULES 3084.7. (A) IRREPARABLE HARM AND
3085 ADA ART. HASADSRI'S BEHAVIOR IS WITH MALICE
AND UNDER COLOR OF STATE LAW AUTHORIZED BY
CAPTAIN HILL.

OVER →

SGT. BE BE CONTACTED STAFF 5/9/03 AND TOLD HIM TO CHECK MY CELL FOR A WHEELCHAIR. THIS OFFICER CAME BACK AND STATED: SGT. BE BE SAID HE'D GET YOU ONE, A WHEELCHAIR. TO THIS DATE 5/12/03 SGT. BE BE HASN'T PROVIDED A WHEELCHAIR, AND HIS ACTIONS ARE QUESTIONABLE IN VIOLATION OF DIRECTORS RULES 3391/3085/3004 (A)(B)(C) TITLE 42 U.S.C. SECTION 12102. EACH EMPLOYEE MENTIONED HEREIN IS IN VIOLATION OF 3271 EMPLOYEES RESPONSIBILITY OF/ EMPLOYEES/

M.T.A. MARTINEZ WOULD NOT LOG I FELL OFF OF THE TOILET DUE TO NO WHEELCHAIR TO ASSIST ME, HE STATED: I CAN'T DOCUMENT WHAT I CAN'T SEE, "DELIBERATE INDIFFERENCE. I REPORTED THE SAME TO M.T.A. MURO WHICH I PUT ON A NOTE.

THERE APPEARS TO BE A CONSPIRACY AND DELIBERATE SCHEME TO MISTREAT ME AND DENY MY MEDICAL NEEDS BY BOTH CUSTODY AND MEDICAL. I FILED A LAWSUIT AND I'VE NOTIFIED CAPTAIN DILL THROUGH M.T.A. LEMOS WHO PLACED MY NOTICE ON HIS DESK. DILL HAS GIVEN HERNANDEZ THE GREEN LIGHT IN THE BUILDING TO DO AS HE PLEASES, IN SPITE OF STATE AND FEDERAL LAWS WHICH PROHIBITS THIS CONDUCT, AND ALLOWS ME TO REDRESS THE DEPRIVATIONS OF RIGHTS BY MISCONDUCT AND CONSPIRACY BY STAFF.

VISUAL NOTICE REQUESTED
EX PARTE CONFIDENTIAL

                                    /S/ Horace Bell J-42454
                                       2N A9S - PER
DATED: 5/12/02
I DECLARE UNDER PENALTY OF PERJURY THIS IS A TRUE
AND CORRECT COPY.

*California Department of Corrections*                    *California State Prison-Corcoran*

# MEMORANDUM





## FIRST FORMAL LEVEL APPEAL RESPONSE

**Date:**              May 24, 2002

**To:**                **Inmate Bell, J-42454**
                       **4A1L-30L**
                       CSP-Corcoran

**Log Number:**        **CSP-C-5-02-01688**

**Appeal Issue:**      **Staff Complaint**

**Interviewed By:**    **Correctional Lieutenant S. Rousseau**

### Action Requested:

1) Wheelchair in cell, 2) Each staff member issued a letter of instruction, 3) No further discrimination or harassment, 4) Officer Hernandez reassigned, 5) Stop the conspiracy and deliberate indifference.

### Interview(s) Conducted:

On 05-23-2002, you were interviewed in regards to your appeal issues. During this interview, you stated that your wheelchair is in need of replacement, based on the seat of the wheelchair is ripping.

Also on 05-23-2002, a fact-finding inquiry was conducted, with the following information provided to you.

Correctional Officer Hernandez stated that a wheelchair has been placed in your cell, based on a chrono authored by Medical Doctor Hasadari. Disability Placement Program Instructor Becerra was contacted in regards to new wheelchairs. At this time, there are no new wheelchairs for issuance. However, upon receiving the new wheelchairs, your wheelchair will be evaluated for possible replacement.

First Formal Level Appeal Response
Appeal Log Number: CSP-C-5-02-01688
To Inmate: Bell, J-42454, 4A1L-30L
Dated: 05/24/02
Page # 2

**Appeal Decision:**

Your appeal is **"Partially Granted"** at the First Level of Review. A wheelchair has been placed in your cell, based on documentation authored by Medical Doctor Hasadari. Your wheelchair will be evaluated for replacement, upon receiving the new ones. However, your allegations of staff misconduct **"were not sustained"**. You were unable to provide any evidence and/or information that would indicate a need for further inquiry. There is no further action warranted.

**N. DILL**
Facility Captain
IV-A/SHU, CSP-Corcoran

**J. YATES**
Associate Warden
IV-A/SHU, CSP-Corcoran

9-13-07, I was denied a daily shower this date. 9-14-07, 9-16-07, 9-18-07 no shower 9-20-07, no shower. The institution has a shameful excess of civil servants. Staff who do not have enough to do could easily become so lazy that they skimp what little work they do have, as clearly as happened as is & H.B. still happening to me. It is just another example of prison's slackness the system. 9-23-07 no daily shower. 9-25-07, no daily shower or urinal provided after many request.

9-27-07 living daily with incontinence and constantly having to smell the urine in your underwear is unsanitary living conditions. Not enough is done to accommodate me for my

H.B. ~~things~~ condition, it raises to a level of cruel
medical *

and unusual punishment. Its a violation of state laws as well as federal laws. I should be housed in ctc cell to have access to daily shower. 9-28-07, no shower issued a urinal to little, to late. 9-30-07 no shower. 10-2-07 no shower. 10-4-07 no shower. 10-5-07 no shower. 10-7-07, no shower 10-9-07, no shower. 10-11-07, 10-12-07, no shower. The legal lady Ethridge refused me legal service because I am litigating against custody and medical. The cord search is not done in our presence, all staff reads the legal material and begins to spin a web of conspiracy to thwart you, no shower 10-14-07 10-16-07 10-18-07 10-19-07 10-21-07 10-23-07 no shower 10-25-26-07 committee won't make available ADA cell with people walking around in them, I must remain in ad-seg until they feel like getting me a cell.

4,

No shower 10-28-07 10-30-07, still illegally held in Ad-seg, inmates are housed in ADA cells who can walk but are not being removed from the ADA cell to accommodate me.

Released from Ad-seg 11-1-07.

I declare under penalty of perjury this is a true and correct copy.

Executed this 6th day of November 07 at KVSP Delano, CA. C-Facility, Building #4

9-9-07, I approached Sgt. Butterfield about my daily shower accommodation, he reviewed my documents and laughed, plus walked off. I spoke with the LVN and she confirmed "you are not getting a daily shower because its not the procedure in Ad-Seg. The ADA nurse is african with english difficulties. He accepted my citizen's complaint and said he'd place it on the chief medical officer's desk 9-10-07 because today is sunday. My 602 answered on the first informal level will be placed in the door tonight for the appeals coordinator to process. "602 held." 9-9-07 no shower accommodation provided by supervisor on duty. On 9-10-07 Chris P. appeals coordinator and Tony Yang both CC II's approached my cell with an interim shower seat to use until a shower seat can be mounted on the wall. Chris P. accepted my 602 appeal for the first formal level of review in the presence of Tony Yang for processing. 9-11-07 Smith came by my cell and refused to provide me with my daily shower, he ask me how does it smell? And he walked away.

B.

9-5-07 SGT. SMITH REFUSED TO PROVIDE ANY SHOWER ACCOMMODATION AND ALLOWED ME TO USE THE SHOWER FLOOR WITH DIRT AND GRIME TO SHOWER; TO CLEAN THE URINE AND FECES OFF OF ME DUE TO MY INCONTENANCE. PRIOR TO PUTTING ME IN THE SHOWER HE RAN MY FEET STAND INTO THE SHOWER DOOR AND SARCASTICALLY SAID, "OH I AM SORRY, TO ADD INSULT TO INJURY.

SGT. SMITH REPORTED TO WORK THIS DATE 9-8-07, AND I PROVIDED HIM WITH A COPY OF MY 602 COMPLAINT, GIVEN TO C/O HORN IN THE PRESENCE OF THE M.T.A. TO BE DELIVERED TO SGT. SMITH, PER HIS INSTRUCTIONS.

SGT. SMITH MADE NO DILIGENT EFFORT TO ACCOMMODATE ME WITH A REGULAR CHAIR BECAUSE I CANNOT FIT INTO THE CHAIR AVAILABLE AND ITS BROKE WITH ARMS. HE MADE COMMENTS THAT HE DIDN'T GIVE A RAT'S ASS! SGT. SMITH BEGAN TO PARADE IN FRONT OF MY CELL, GIVING ME THE FINGER AND RETURNING MAKING INDIRECT THREATS; "I hope you enjoyed your food! He had C/O WEISS feed chows AND SELECT A CERTAIN TRAY ON TOP OF THE FOOD CART TO ISSUE TO ME AND WEISS STATED! SGT. SMITH SAID enjoy your food! SGT. SMITH RETURNED AND ASKED ME THE SAME, I TOOK IT AS IF he CONTAMINATED MY food WITH ASSISTANCE FROM C/O WEISS. SGT. SMITH CAME BACK TO MY CELL AND STATED: When you sue you won't get my money THE STATE WILL PAY YOU.

CITIZEN'S COMPLAINT AGAINST PERSONNEL
832.5

On 9-5-07, I was placed in Ad-Seg by
Lieutenant M. Cabrera, A-Facility. When it
became time to receive my daily medical
shower due to incontenance, I was
disrespected by Sgt. Smith and his
subordinates and not provided with
shower accommodations: shower bench,
adequate hand rails or shower seat by
virture of my size to transfer to.
    On 9-6-07, I learned that Sgt. Smith
had forced Dr. Aikanno to rescind my
daily shower chrono leaving me in
unsanitary living conditions.
    I subsequently filled out an 1824
because I had to throw myself on the
shower floor in bacteria and filth in order
to shower 9-5-07, on 9-6-07 I filed a 602
appeal regarding the shower chrono. I
was told that most, if not all 602's or
other appeals, even to the warden are
answered late, otherwise mishandled by
staff in ASU-2.
    On 9-7-07 Sgt. Juarez told me
if I had ten showers coming he'd give them
to me. I told him the unit nurse on
9-6-07 told me custody had my medical
chrono rescinded because according to
the nurse "its not the policy in ASU"
when confronted with this Sgt. Juarez
stated: I don't give a fuck about you
guy's, if you got a ass whipping coming,
you'll get your ass whipping! I was
afraid for my life. He told me he came
from COR/SATF,

1.

SUPERIOR COURT OF CALIFORNIA
Metropolitan Division
Administrative and Courts Building
Telephone (661) 868-2456
1415 Truxtun Avenue
Bakersfield, CA 93301



Date: 4/14/08
Case No: S-1500- CV- N/A
To: HORACE BELL
Re: 2nd REJECTION/ CORRECTION NOTICE

XX____ The attached papers are being returned for the following reason(s):
_____ Your pleadings have been filed; however, this matter will not be calendared for the following reasons:
_____ Fee of $_____ equired for filing. Additional fee of $_____ equired.
_____ Filing fee of $_____ eturned. Check No. _____ .
_____ Civil Case Cover Sheet required.
_____ Signature missing.
_____ Not an original. Copies not acceptable.
_____ Show date, time, and location of hearing pursuant to California Rules of Court, Rule 311.
_____ Acknowledgment of Receipt must be attached to a completed Proof of Service.
_____ Superior Court case number / Judge's initials / wrong / missing.
_____    Does not comply with CCP 437c (a)
_____ Does not conform to Rule 201 / 201.5 / 201 (d) / California Rules of Court.
_____ Does not conform to Rule 367 (a), (b), (c), or (d); California Rules of Court.
_____ Attach Proof of Service on opposing party.
_____ Substitution of Attorney requires address and phone number, California Rules of Court, Rule 315.
_____ Correct Proof of Service as follows:
_____ Default cannot be entered for the following reason(s):
_____ This pleading does not appear to be for Superior Court, Kern County.
_____ Summons does not conform to Complaint / Cross-Complaint.
_____ Not submitted timely under provisions of CCP §1005 and California Rules of Court, Rule 317.
_____ Date you have noticed is a weekend / Court holiday.
_____ Judge is unavailable. Hearing must be re-noticed for _____ in Department _____.
       *Matter will be calendared at time of filing re-notice with the Court. No filing fee required.*
_____ Hearing must be re-noticed for _____ a.m., Department _____ .
       *Matter will be calendared at time of filing re-notice with the Court. No filing fee required.*
_____ Stipulation to set aside default must accompany answer to complaint / cross-complaint.
_____ To dismiss entire action, need joinder of _____ .
_____ Dismissal cannot be entered for the following reason(s):
_____ Request for continuance of hearing to be submitted by Stipulation, declaration in support, proposed
       order
       and appropriate filing fee or by Noticed Motion.
_____ Must use Mandatory Judicial Council form CM-110
XX____ Other: FEE WAIVER APPLICATION IS INCOMPLETE, ORDER ON APPLICATION FOR
       WAIVER OF FEES IS ALSO INCOMPLETE, IT IS YOUR RESPONSIBILTY TO SUBMIT A CERTIFIED
       COPY OF YOUR TRUST ACCOUNT.

TERRY McNALLY, Clerk of the Superior Court

By: _____ , Deputy

*ANY CORRESPONDENCE REQUIRING AN ANSWER FROM THE COURT MUST BE*
*ACCOMPANIED BY A STAMPED, SELF-ADDRESSED ENVELOPE*

APR 0 1 2008

**CLERK**

**TERRY McNALLY**
Clerk of the Superior Court



**SUPERIOR COURT-METRO DIVISION**
Telephone (661) 868-5393
Administrative and Courts Building
1415 Truxtun Avenue
Bakersfield, CA 93301

*Horace Bell*
*PO Box 6000*
*Ken Valley State Prison)*
*Delano, Ca  93216  Writ of Mandate*

Date: **3/20/08**

Case No.: _____

_✓_   The attached papers are being returned for the following reason:

_____   Your pleadings have been filed; however, this matter will not be calendared for the following reasons:

_____   Fee of $_____ required for _____. Additional fee of $_____ required.

_____   Filing fee of $_____ returned. Check No. _____.

_____   Civil Case Cover Sheet required.

_____   Signature missing:

_____   Not an original. Copies not acceptable.

_____   Show date, time, and location of hearing pursuant to Rule 311, California Rules of Court on _____.

_____   Acknowledgment of Receipt must be attached to a completed Proof of Service.

_____   Superior Court case number / Judge's initials / wrong / missing.

_____   Does not conform to Rule 201 / 201.5 / 201 (d) / California Rules of Court.

_____   Attach Proof of Service on opposing party.

_____   Substitution of Attorney requires address and phone number, Rule 315 C.R.C.

_____   Correct Proof of Service as follows:

_____   Default cannot be entered. Reason:

_____   This pleading does not appear to be for Superior Court, Kern County.

_____   Summons does not conform to Complaint / Cross-Complaint.

_____   Not submitted timely under provisions of a 1005 CCP and Rule 317, California Rules of Court.

_____   Date you have noticed is a Court holiday.

_____   Hearing must be renoticed for another date. Judge is on vacation from_____ to_____.
        Matter will be calendered at time of filing renotice with the Court. NO FEE.

_____   Must be renoticed for _____ a.m., Department_____.

_____   Stipulation to set aside default must accompany answer to complaint.

_____   To dismiss entire action, need joinder of _____.

_____   Dismissal cannot be entered, Reason: _____

_✗_   Other *need to send certified copy of your trust account*
*2) need to complete Appl + Order for fee Waiver 3) Petition*
*of writ must 2 Holed Punched, and Stapled*

Sincerely,

TERRY McNALLY, Clerk of the Superior Court

By _____, Deputy

ANY CORRESPONDENCE REQUIRING AN ANSWER FROM THE COURT MUST BE
ACCOMPANIED BY A STAMPED, SELF-ADDRESSED ENVELOPE

SUP CRT 580 9410 MI 119 (2/06)

# TRUST ACCOUNT WITHDRAWAL ORDER

Date ......................................... 19.........

To:  Warden or Superintendent          Approved ..................... ... ...................

I hereby request that my Trust Account be charged $ ...... ... .. .  . .      ........ for the purpose stated below and authorize
the withdrawal of that sum from my account:

_____          ...............................................................
NUMBER                                                                        NAME (Signature please, DO NOT PRINT)

State below the PURPOSE for which withdrawal is requested          PRINT PLAINLY BELOW name and address of person
(do not use this form for Canteen or Hobby purchases).               to whom check is to be mailed.

PURPOSE ............................................................          NAME ................................................................

_____          ADDRESS ...........................................................

_____          .............................................................................

_____          .............................................................................

                                                                     _____
CDC-193                                                                        PRINT YOUR FULL NAME HERE

Clerk,
You MUST CONTACT TRUST ACCOUNTING
TO VERIFY ZERO BALANCE, I CANNOT
GET IN CONTACT WITH THEM.

PETITIONER